# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEWART, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | 1:08-CV-256 AWI <br><br> (No. 05-cr-97 AWI) <br><br><br> ORDER TO SHOW CAUSE <br> WHY PETITIONER'S 28 U.S.C. § <br> 2255 PETITION AS UNTIMELY |

Pursuant to a plea agreement, Petitioner pled guilty to one count of 18 U.S.C. § 924(c). See Court's Criminal Docket Doc. Nos. 19, 20. On February 27, 2006, Petitioner was sentenced to 60 months confinement and 60 months supervised release. See id. at Doc. No. 21. Judgment and commitment were entered on March 2, 2006. See id. at Doc. No. 22. Petitioner did not file an appeal. On February 19, 2008, Petitioner filed this 28 U.S.C. § 2255 petition. See id. at Doc. No. 24.

Section 2255 in relevant part provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A review of the § 2255 petition suggests that section (f)(1), the date on which the judgment of conviction became final, is the appropriate starting date for Petitioner's one year statute of limitations. Because Petitioner did not file an appeal, his conviction became final 10

days after entry of judgment – March 13, 2006.[1] See Fed. R. App. Proc. 4; United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001). Because this petition was not filed prior to March 13, 2007, it is on its face untimely by over a full year.

A court may raise § 2255's one year statute of limitations *sua sponte*, but it must give the petitioner notice and opportunity to respond before dismissing the case. See Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001); Whipple v. United States, 2007 U.S. Dist. LEXIS 79977 (D. Idaho October 29, 2007). Equitable tolling applies to § 2255 petitions. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). In order to establish equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). Accordingly, to avoid dismissal, Petitioner must demonstrate either his compliance with § 2255(f)'s one year statute of limitations or that he is entitled to equitable tolling.

Accordingly, PETITIONER IS HEREBY ORDERED TO SHOW CAUSE why his motion for relief under 28 U.S.C. § 2255 should not be dismissed as barred under the one-year statute of limitations period discussed above. Petitioner may submit a response to this order to show cause within 30 days of service of this order. If Petitioner does not respond to this order to show cause the court will deem his request for relief abandoned, and will order his motion dismissed and direct the Clerk of the Court to close this case. Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause," and shall be filed and served in compliance with the Local Rules and the Federal Rules of Civil Procedure. In his response, if any, to the order to show cause, Petitioner shall set forth specific facts regarding his compliance with § 2255(f) and/or the applicability of equitable tolling.

IT IS SO ORDERED.

**Dated:   May 22, 2009**                       /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] March 12, 2006, was a Sunday.